**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**CALIFORNIA STATE AUTOMOBILE ASSOCIATION, Respondent.**

·No. 26333.

United States Court of Appeals, Ninth Circuit.

May 12, 1971.·

Alice Andrews (argued), Roy O. Hoffman, Director, NLRB, San Francisco Cal., Marcel Mallet-Prevost, Asst. Gen. Counsel, Washington, D. C., for appellant.

Robert V. Magor (argued), of Severson, Werson, Berke & Bull, San Francisco, Cal., for appellee.

Before BROWNING, HUFSTEDLER and TRASK, Circuit Judges.

PER CURIAM:

This is an application by the National Labor Relations Board (the "Board") to enforce its order against respondent California State Automobile Association (the "Company") based on the Board's findings that the Company had violated sections 8(a) (1) and 8(a) (3) and (1) of the National Labor Relations Act (29 U.S.C. §§ 158(a) (1) and 158(a) (3) and (1) ) by interfering with its employees' exercise of section 7 rights (29 U.S.C. § 157) and by discriminatorily discharging its employee, Lambrecht. We conclude that substantial evidence on the record as a whole supports the Board's findings.

Relevant to both ultimate findings of violations of the Act is evidence that the Company's manager, Govi, told salesman Hughes that he did not want Hughes involved "with the Union with Lambrecht" and threatened to "can" Hughes "[i]f any of this conversation * * * gets out" and that Govi questioned employee McDevitt about the union activities of Lambrecht and Hughes. That evidence, placed in context, was adequate to sustain the Board's conclusions that the Company had antiunion animus and that the Company had interfered with its employees' exercise of their section 7 rights. The Board was not required to resolve the conflicts in the evidence in the Company's favor.

There was evidence that would have supported a finding that Lambrecht's poor sales performance gave the Company cause to discharge him. The central inquiry is thus a familiar one: Was Lambrecht's discharge motivated by his

poor sales performance, or was it motivated by antiunion animus? It is unnecessary to detail all of the evidence in the record that supports the Board's determination that Lambrecht's discharge was pretextual. However, we consider especially persuasive the Examiner's observation that the Company's January decision to discharge Lambrecht made it highly unlikely that the Company would try to spur Lambrecht to greater sales efforts in February.

The Board's order will be enforced.